IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

TROY SPENCER

Case No. JRR-23-308

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the [government may properly seek detention] or [the court may consider ordering detention sua sponte].

☒ (2) The defendant is charged under: 18 USC 922g

☐ (3) The maximum term of imprisonment, if convicted, is:

☐ (4) Based on the government's **[proffer] [evidence]** there is probable cause to believe that the defendant committed the offense(s) charged.

  ☐ The government is entitled to a presumption under § 3142 (e) **[describe in Part II]**.

  ☐ The defendant has failed to rebut this presumption [as to flight risk] or [as to danger].

☐ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure **[community safety]**.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

Mr. Spencer has a criminal history that includes a serious crime of violence and a handgun offense. While there is evidence of compliance with some conditions of release, there is a demonstrated track record of re-offending soon after supervision has ended. The government has proffered a strong case that Mr. Spencer possessed a firearm at a children's basketball game. While there may be some dispute over whether the weapon was brandished, it remains effectively unrebutted that the gun was present at the school, and during an altercation involving school officials. This represents a significant threat to the public and similarly represents poor judgment by Mr. Spencer. Coupled with his criminal record and noting that his proposed release plan would place him back in the same residence where he allegedly possessed the firearm at issue here, I find that detention is called for under the Bail Reform Act.

  The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

September 21, 2023
Date

Brendan A. Hurson
United States Magistrate Judge